UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GO TRADE LOGISTICS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>THREE J'S DISTRIBUTING, INC.,<br><br>    Defendant. | No. 2:18-cv-02293-KJM-KJN<br><br>ORDER |

## INTRODUCTION

Presently pending before the court is plaintiff Go Trade Logistics Corporation's motion for default judgment against defendant Three J's Distributing, Inc. (ECF No. 9.) After defendant failed to file a timely opposition, the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 13.) Defendant was ordered to file any opposition by February 25, 2019. (Id.) The deadline having passed, defendant has again failed to file an opposition. However, for the reasons discussed below, plaintiff's motion is DENIED without prejudice.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

DISCUSSION

Here, plaintiff's motion for default judgment consists of a single paragraph:

> Plaintiff Go Trade Logistics Corporation hereby requests that entry of judgment by default be entered against Defendant Three J's Distributing, Inc. pursuant to Rule 55(b) of the Federal Rules of Civil

2

> Procedure. In support of this request Plaintiff Go Trade Logistics
> Corporation relies upon the record in this case and the declaration
> submitted herein.

(ECF No. 9.) In an equally conclusory proposed judgment, plaintiff asserts that the court should award plaintiff a judgment totaling $98,000.00 in compensatory damages. (ECF No. 9-2.)

The motion before the court does not include any legal analysis regarding why default judgment is appropriate in this matter, let alone a consideration of the Eitel factors. Moreover, even assuming that plaintiff has met the Eitel factors here, the motion does not adequately justify the terms of the judgment that plaintiff seeks. While plaintiff's attorney has provided a declaration in support of the motion, plaintiff has failed to demonstrate the appropriateness of entering a default judgment of nearly one hundred thousand dollars against defendant.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 9) is DENIED without prejudice, subject to renewal in a motion that addresses the appropriate legal standards.

IT IS SO ORDERED.

Dated: March 7, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14